Okay, we'll call case number 21-4047, Bradley v. dHybrid Systems. Counsel, please state your appearance. This is Cass Harstad here on behalf of Plaintiff and Appellee Mr. Xavier Bradley. Okay, please proceed. I think counsel is having a problem with audio. Mr. Shepard, there you go. I believe I fixed it. Apologies. Apologies. May it please the court. My name is Benjamin Shepard and I represent appellates. I plan to reserve three minutes per rebuttal. This matter turns on the plain language within the four corners of the settlement agreement that Bradley seeks to rescind. That settlement agreement provides for a total settlement payment of $20,100. Bradley received $20,000 of that amount and he seeks to rescind the settlement agreement on the sole basis that he did not timely receive the final $100 of that amount. To justify his rescission, Bradley contends that the $20,000 payment was not consideration for his general release of employment claims, but only for the release of his workers' compensation claims. However, Bradley's position would make entire sections of the settlement agreement meaningless. There is simply no workable reading of the settlement agreement under which the $20,000 is not consideration for the employment release. Let me stop you right there. Let me stop you right there. You've got two settlement agreements, and one of them says that $20,000 is the settlement payment for the workers' comp claim release, right? Yes, Your Honor. All right. And so would you agree with me as a general matter that if you give up $20,000, if you pay $20,000 for the workers' comp release, that trying to use the same $20,000 in the next agreement might suggest there's no consideration for that? I think that that presumes that it was a separate agreement. Well, there are two. There are two agreements, and they both purport to be integrated. There are two documents, Your Honor, but our position of appellants is that the settlement agreement incorporates the compromise settlement. And to provide some additional context, I think it's helpful to take a step back. The Labor Commission can't approve an agreement if it mentions any claims beyond workers' compensation. And so it's common in accepted practice to have a second document when there is a global settlement like there is here. I mean, is there something in the record, as far as evidence would go, that says that it's common in accepted practice to do it this way? Well, yes, Your Honor. Actually, Bradley's workers' compensation counsel testified that he had settled 10 or more claims in this manner with appellants' counsel alone. Now, he's also, he and your workers' compensation counsel also suggested that you add $100 so there would be consideration for the employment release. Isn't that right? That's correct, Your Honor. But also, the way that it was described by Worthington's counsel was that it was added as a, quote, redundancy. Another way to think about that is a belt and suspenders approach. I'm sorry to interrupt you. What do you mean that it was a redundancy? Are you referencing deposition testimony? I'm referencing the workers' compensation attorney's testimony. And the context being that the $20,000 payment on its own would and could have been sufficient consideration for multiple promises. In other words, settling both the workers' compensation claims and the general release. But the $100 was added, again, as a redundancy or as a belt and suspenders approach. And admittedly, it's possible that the— That's not what the agreement says. That's not what the agreement says. My understanding of your position on appeal is that we're not looking outside the four corners of these agreements. Thank you for that question, Your Honor. I would, in fact, look directly towards the plain language of the agreement. And if we look at paragraph two of the settlement agreement, it plainly states that the settlement of the employment claims is in consideration of the, quote, severance payments, plural, set forth in the paragraph entitled Settlement Payments to Xavier Bradford. Moving to that paragraph of the agreement, paragraph 7A has the severance payment, and that's that $20,000 payment, Your Honor. And so— Let me ask you a question here. So if I make a deal with Judge Briscoe, she has a claim against me, and I settle it with her for $20,000. And then out of a completely different set of facts, she has another set of—another claim against me. And as we're—and I tell her, hey, let's settle this claim, too, and just let me have this one for free. I just want some finality. And we recite in there that the consideration is the consideration I paid her in the prior agreement. Is there consideration supporting the second agreement? Under that scenario, Your Honor, the parties have said that the—let's assume $20,000 amount was not consideration. You said, let me just have it. Here, by contrast, the $20,000 is being used by agreement to settle multiple claims. And it is— Okay, let me change it. Let me change it on you a little bit. So in the second agreement, what I say is, Judge Briscoe releases me from all claims for the $20,000 I previously paid her for the settlement of Case X. Is there consideration in that case? I think arguably not, because the obligation to pay that consideration already occurred. Whereas here, Your Honor, the agreements, the documents were signed simultaneously, again, as part of a global settlement. But we don't have any incorporation provision. In the employment—I would call it the employment agreement as opposed to the workers' comp agreement. There's no incorporation. We've got the entire agreement language. But there's nothing in there to say that one agreement is incorporated into the other. Your Honor, I agree that those words are not specifically in there, but appellants believe that when you read the entire agreement clause and give it its plain meaning, it states that this agreement, the settlement agreement, with reference documents, i.e., the compromised settlement of the disputed claim, constitutes the entire agreement between the parties. As regards what? Don't you have to incorporate the workers' comp claim in there? I believe that by stating that with the reference documents, i.e., the workers' compensation settlement, that that is what's occurring. So is the workers' compensation claim resolved? Is it final? Yes, Your Honor. Well, you said that there's consideration of $20,100. Is there no—has that failed? Does that now avoid settlement? You did not receive the full amount of the consideration. At the time that the agreements, the documents were signed, the $20,000 was consideration for settlement of both of those claims. Admittedly, the Labor Commission has now approved the workers' compensation settlement, which means that Bradley is entitled to that $20,000. So it's not our position that that $20,000 needs to be returned. Rather, the fact remains that the settlement agreement states in its plain language that that $20,000 is consideration for Bradley's settlement of his employment claims. And to the extent he seeks to rescind that settlement, he is in breach of the settlement. Can you point us exactly to where in the agreements, the language of the agreements supports your position that the $20,000 was meant to serve as consideration for both? Are you just relying on the plural of payments, settlement payments? What exactly are you referring to? Sure, Your Honor. So the plural is the first step, but I think even more importantly is the fact that if you look at paragraph 7 of the settlement agreement, it explicitly includes and discusses that $20,000 payment and includes the payment timeline and payment logistics, which, by the way, are not included in the compromised settlement agreement. And so to the extent that $20,000 payment is not consideration for the general release of claims, it begs the question, why is that entire paragraph in the settlement agreement? Well, that settlement agreement is for which claim? For the workers. It would be helpful when you argue this, to refer specifically to workers' comp and employment. Because to call them settlements, it doesn't help us. And your briefing was confusing on that point. So when you talk about paragraph 7 of the settlement agreement, you're talking about the workers' comp claim? I'm talking about the general employment release, Your Honor. Okay. Counsel, just so I'm caught up. So you're referring to paragraph 2, the plural payments, right? Yes, Your Honor. And paragraph 7 and what it contemplates there in terms of the schedule. And that's it, right? Correct, Your Honor. What? Don't you think that the paragraph 7 of the agreement suggests that the $100 is specifically for the release, is the specific consideration for the release of the employment claims? I mean, how do you read that in harmony with your position that it's really the $20,000 is really all that matters is if he was paid that? So, Your Honor, I read that as that $100 is, again, as it was described as a redundancy, as a belt and suspenders approach. So you're correct in that $100. Let me read it to you. Hold on a minute. Hold on. It says, Xavier Bradley shall receive $100, which amount shall constitute full and complete payment to him to settle any and all of the above described claims. Xavier Bradley is releasing with respect to Worthington Industries and Phoenix and their subsidiaries, agents, employees and members. I mean, it says it's the full and complete consideration. So how do you read that in harmony with your position that the workers comp is the really important consideration? And so the 1st thing I would say, I wouldn't say that 1 is more important than the other. What I would say is that, again, what you do, you say you do say that because you say there can't be a material breach by not paying the 100 because the 20,000 is so much more. So what I would say is the total amount is what is important, Your Honor. And so, again, it's the belt and suspenders approach. But more importantly, it's the fact that that paragraph 7A follows and paragraph 7A has no meaning if we take it to be that it is not consideration for the release of employment claims. And I see I'm not below my 3 minutes. I'd like to reserve the remainder of the time. All right. Mr. May it please the court. My name is Cass Hurstead and I represent Xavier Bradley, a plaintiff and appellee in this matter. Your Honors, there's one dispositive issue in this case, and it's pretty darn simple. It was $20,000 consideration to settle the workers comp claims and $100,000 to consideration to settle the employment claims. And $100 to settle the employment claims. Phoenix Insurance Company paid the $20,000. So Mr. Bradley's workers compensation claims were released. Worthington failed to pay the $100. So his employment claims were not released. Judge Jenkins saw this case for what it was a simple contract issue where the defendant didn't pay the consideration for release. And he correctly ruled that the two agreements were divisible Worthington's failure to pay the $100 was a material breach. So Bradley could it could proceed with his employment claims with his employment discrimination claims. What do you say to your to the appellant's contention that this was a global settlement. What does that mean for our purposes. Go ahead. Your Honor, we are bound by the plain language of the two agreements. And so, if you look at paragraph 15 of the employment release, it says this agreement with referenced documents, i.e. the workers comp release constitutes the entire agreement by in between the parties here to. So if you look within the two within the two agreements, and in the briefing Worthington completely ignores the language in the workers comp release. So I want to I want to look at that for a minute. The workers comp release in paragraphs, one through 10. The parties go through Mr. Bradley's injury, where it happened how it happened the diagnosis the medical treatment paragraph 11. It says Mr. Bradley claims causation and he's entitled to disability benefits and medical treatment paragraph 12 Worthington and Phoenix dispute that. And then paragraph 13 says given the time and expense of the protracted litigation and considering their respective legal positions, the parties here to desire to settle their differences by entering the following compromise. The employer carrier shall pay to the petitioner lump sum consideration totaling $20,000. Petitioners attorney, Tim Allen, shall receive an attorney fee of $4,000. Now at the time the workers compact limited workers comp attorneys fees to 25% of the total award. Paragraph 14 is understood that this agreement is the compromise of alleged industrial claims involving disputed compensability. And then paragraph 17 this agreement contains the entire agreement between the parties here to the parties understand agree and stipulate that this agreement constitutes a contractual release for matters pertaining to the petitioners industrial claims. So this idea that this is a global settlement that integration clause says you got to look within the four corners of these two agreements together. And the workers comp release makes it perfectly clear that it was $20,000 to settle Mr. Bradley's workers compensation plan. Council are you. I obviously you weren't present at the workers comp, I'm assuming there was like a fairness hearing on this case. Yes, there is your honor and notably, notably what's something that's important here is the Utah Labor Commission can approve a claim that bundles employment releases with workers comp claims. And the other thing is, is the Utah Labor Commission ALJ has to determine whether the workers compensation release is manifestly unjust. So if, if the labor, if a release bundles a workers comp claim with an employment or workers comp release with an employment release, the Labor Commission won't approve it. And if something's manifestly unjust, the Labor Commission won't approve it. And so the question was, how do we deal with the fact that this was supposed to be a global release. We're bound by the plain language of the contracts and the contracts make it clear, it was $20,000 for the workers comp release and $100 for the employment release paragraph seven of the employment releases. It says, Xavier Bradley shall receive $100, which amount shall constitute full and complete payment to him to settle any and any and all of the above described claims. Now, Worthington's Council refers to 7A. Paragraph 7A is purely mechanical. It doesn't create substantive rights for any of the parties, it just says, hey, there's this workers comp agreement, there's this workers comp release, Phoenix is going to pay you the $20,000 for it. And I want to comment on this, Worthington's Council keeps coming back to this severance payments that's referenced in paragraph two of the employment release. These releases were drafted by humans, and humans are fallible. We make mistakes. So when we're drafting releases, we include things like paragraph 13 of the employment release that says, as used in this agreement, the masculine, feminine, or neutral gender and singular or plural numbers shall be deemed to include the other whenever the context so indicates. So that's paragraph 13 of the employment release. The singular or plural numbers shall be deemed to include the other whenever the context so indicates. Here, paragraph 7A says, Xavier Bradley shall receive $100, which amount shall constitute full and complete payment to him to settle any and all of the above described claims. So I think the context indicates that that was supposed to be singular, not plural. What do you think about the idea that the, so this would get, I think, to more of the materiality portion of your, of your opposing councils argument, the idea that the $100 doesn't matter because there was the $20,000 if the $20,000 was full consideration for the workers comp release. Would it be your position that it can't be consideration for anything else? Oh, absolutely, Your Honor. Here, the Utah Labor Commission entered an order that said, It is hereby ordered the workers will, it starts out with the parties here to having compromised and settled the petitioner's workers compensation claims. It is hereby ordered that the workers compensation release is hereby approved. The employer carrier shall pay to the petitioner lump sum consideration totaling $20,000. This order legally under this order Worthington and Phoenix were legally obligated to pay the $20,000 to Mr. Bradley and Mr. Bradley was legally entitled to receive it. This is akin to a case that we cited in our, in our brief bags versus Anderson, and the citation is 528 P2D 141. There was a divorce decree, whereby a father was supposed to pay $200 a month in child support. The, the ex-wife was going to marry a new man. And so the ex-husband made an agreement with the new husband that said, hey, pay three more months of child support, and then give up your right to see your kids, and maybe approve the adoption when I want to adopt your kids. And the, the Utah Supreme Court held, this isn't there's an order, ordering this money to be paid, it can't be consideration for a new release. And the court said we cannot see where in the defendant gave any consideration for the claimed agreement. Under the decree, he was already obligated to make the payments of $200 per month. Such an agreement to do that, which one is already required to do, does not constitute consideration for a new promise. So with that order, that consideration is going to the workers comp claim, it cannot be consideration for the employment release. Rather than, so rather than material breach, we're in the world of consideration. And the employment settlement fails for the lack of consideration. Well, I believe that the employment settlement fails for the lack of consideration, but there is another issue. I think, even the other issue is that the question is, does the hundred dollars, and the employment release, go to the heart of the contract, it was a material breach. So, and in this case consideration, if you went on consideration, why do you care about breach. We will even have a contract. That is correct, Your Honor, because failure to pay consideration attacks the very existence of the contract. And so their failure to pay judge Jenkins found their failure to pay was a material breach of the employment release. So Mr. Bradley could proceed with his employment claims. I want to address somebody brought up previously this issue of the incorporation clause in the employment release before you move on. Before you move on, may I ask you just a quick question about your reliance on the, the order the Utah Labor Commission order. Yes, your argument, have anything to do with the chronology is that important in other words did, did the order need to have been final before the employment release was executed, I thought that all of this happened on the same day. It did all happen on the same day on the same day your honor so the parties signed the employment release and the workers comp release on October 26. That day, or maybe the next day it was forwarded to the Utah Labor Commission, and the Utah Labor Commission approved the workers comp order, and the employment release on October 27. The issue here is Worthington knew on October 26 when it signed that that workers comp release, they knew that an order would be forthcoming, almost immediately. And, and if it, I mean it begs the question if they thought the $20,000 was sufficient consideration for the employment release. Why did they add the extra $100, they added the extra $100 because they knew that it needed to be in there to make the employment agreement enforceable. So this concept that that the order was entered after the employment release was was signed. The timing of that is really irrelevant. And I'm going to give you an example. So say you have an employee who's working and she informs an employer, hey my last day is Friday. I'm going to work until Friday but my last day is Friday, and the employer says great. We're going to have you sign a settlement agreement today. And in that settlement agreement will agree to pay you all the money that you're owed for hours work on worked on Friday. And in exchange for that, we want you to release your claims that settlement agreement would be invalid, because at the time that that money is paid. The employee is owed that money because she worked those hours. So, the fact that the consideration that the workers comp release wasn't or that the workers comp order wasn't signed until after the employment release. It doesn't matter, because at the time it was paid Worthington owed that money to Mr. Bradley and Mr. Bradley was legally entitled to receive it. So it's just like an agreement by an employer to pay will you sign a release today and we'll pay you on Friday for the hours that you're owed that settlement agreement would fail for lack of consideration. And for that reason the $20,000 cannot be consideration for the employment release. I do want to touch on this concept of the integration clause in the employment release. The integration clause into input in sorry incorporation clauses have to be clear and unequivocal, and it must alert the draft the non drafting party that the terms from another contract are being incorporated. Here, it doesn't say that here all that paragraph says is, if you're looking at if, if, if you're looking at these two agreements, you have to determine the intent by the four what's within the four corners of these two agreements. And I'm going to refer you to consolidated realty. These are in our briefs and housing authority. If an incorporation clause does not clearly inform the non drafting party that the contracts are being incorporated. The two contracts are not incorporated. Your Honor's judge Jenkins saw this case for what it was, it was a defendant's failure to pay consideration, he correctly ruled that the that the two contracts were divisible. The failure to pay the $100 was a material breach. So Mr. Bradley could proceed with his employment claims. Thank you very much. Thank you, counsel. Okay, looks like we have two minutes and 13 seconds for rebuttal. Thank you, Your Honor. Primary point I would make is that in all of the discussions and all of the briefing. Nowhere is there an explanation as to why the settlement agreement by the employment settlement agreement contains discussion of the $20,000, there was reference to potentially being a typo. But there's no evidence in the record of that. And the fact remains that that's an entire paragraph of a valid agreement. And there is no way to give that paragraph any meaning. If we hold that the payments are divisible. I want to talk briefly then about the timing issues. I think that's very important. The these two agreements are these two documents rather constitute a single agreement were signed at the same time, the time that they were signed, Worthington and the workers compensation carrier were under no obligation to provide any amount of money to Mr. Bradley. And so the, the order of events here is indeed very poor is indeed very important. And is why that $20,000 is properly consideration for the general release of employment claims. Did your client prepare the did your client prepare the agreements. If you are my understanding that the workers compensation counsel for appellant prepare the first draft of the agreements. Okay. And so, and then send them over. So, the, the, the worker could sign. Before they signed. Right. Right. Right. Send them to counsel for Mr. Bradley for them to sign and then both agreements and then a pound sign both agreements. Right. So, so, I mean it sounded like from your agreement that you were wanting to sort of blame Mr. Bradley for these things being signed when your client have no obligation to pay him anything. But the course of the sequence of the signing was dictated by your client who sent them over for his signature before you signed it so that's not really a fair characterization is it. Just briefly as I say I'm out of time. I am not referring to sign first or whether a pound sign first from Mr. Bally sign first, I'm doing that signatures essentially at the same time, and that when they signed it at the time that they both science make it a binding agreement that there was no obligation to pay. So your honor in order to get one more question I don't want to abuse the other panel panel members patients here but what would have happened if you would have sent the compromise settlement over to the Utah labor board and they rejected it. I really have had to pay the 20,000. You know, the plain language of the settlement agreement of the employment summary. The answer is yes. And in order to give meaning to that plain language of the settlement agreement appellants asked this court to vacate the district court summary judgment order in its entirety, and instruct the district court to grant appellants motion. Thank you. Okay, so I want to make, I want to make sure I'm clear so your position is, if the labor board had rejected it. He could have kept the 20,000. And then I presume he could have continued his, his claim before the labor board. When you look at the language of the agreement. I don't think there's any other conclusion but Okay. All right. Let me ask just Briscoe Do you have anything further. No, thank you. Okay, the case will be submitted and counselor excuse Thank you.